*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
August 12, 2021

v

No. 346845
Wayne Circuit Court
LC No. 16-001486-01-FC

STEVEN JEROME GOODMAN,

        Defendant-Appellant.

Before: RIORDAN, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Following a bench trial, defendant was convicted of two firearm charges although he was never seen with a gun or in proximity to a gun.[1] Neither a firearm nor bullets were found in defendant's possession, his home or in any other location to which he had access. Defendant argues on appeal that the evidence was insufficient to support his convictions. We agree and therefore reverse, vacate defendant's convictions and remand for dismissal of the charges.

## I. BACKGROUND

This case arises out of the investigation into the death of defendant's girlfriend, Chantel Carrington. Carrington's location could not be accounted for after the evening of June 6, 2015. Her body was found in an abandoned house in Detroit on July 14, 2015, and it was determined that she died of a gunshot wound from a .25 caliber or 6.35 millimeter firearm. Defendant was charged with first-degree murder, felon-in-possession, and felony-firearm. After hearing the evidence and

---

[1] Defendant was convicted of one count of felon in possession of a firearm (felon-in-possession), MCL 750.224f; and one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced to three to ten years in prison for the felon-in-possession count, to be served consecutive to the mandatory five-year sentence for the felony-firearm count, as it was his second such conviction.

argument from counsel at the bench trial, the trial court acquitted defendant of murder, but found him guilty of felon-in-possession and felony-firearm.

The trial court based its guilty verdicts upon two witnesses who testified to events that occurred after Carrington's disappearance. The first witness was Willie Plummer, a neighbor of defendant. In the days or weeks after June 6, Plummer ran into defendant and had a conversation with him, which Plummer described at trial:

> *Plummer*: And then he [defendant] asked me did I know anybody who wanted to buy a gun.
>
> *Q*. I'm sorry.
>
> *A*. He wanted to know if I wanted to buy one.
>
> *Q*. He asked you do you know anyone who wanted to buy --
>
> *A*. If I wanted to buy a gun. A couple guns.
>
> *Q*. Okay. And I'm sorry, did you describe the guns when you talked to the police?
>
> *A*. Yes.
>
> *Q*. What did you describe them as?
>
> *A*. A shotgun and a .32.

Plummer told defendant he was not interested in purchasing a gun.

The second witness was Detroit Police Officer James McDonald, who in July 2015 impounded defendant's vehicle as part of the investigation into Carrington's disappearance. He conducted an inventory search of defendant's vehicle and found what he characterized as a "gun case" in the trunk:

> *Q*. Was there anything of note that you observed in the vehicle?
>
> *A*. Yes.
>
> *Q*. What was that?
>
> *A*. It was a—in the trunk of the vehicle was a gun case that was empty.
>
> *Q*. Okay. When you say gun case, can you describe it?
>
> *A*. I believe it was a small square plastic box that a handgun could fit into.
>
> *Q*. I'm sorry. You said that a handgun could fit into?

2

*A*. Yes.

In finding defendant guilty of felon-in-possession and felony firearm, the trial court concluded that defendant had constructive possession of a firearm.

## II. DISCUSSION

Defendant argues that there was insufficient evidence to support his convictions because the prosecution failed to prove beyond a reasonable doubt that he possessed a firearm. We agree.[2]

Possession of a firearm may be actual or constructive. *People v Hill*, 433 Mich 464, 470; 446 NW2d 140 (1989). "[A] defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *Id*. at 470-471.

We begin by noting that the prosecution has not referred us to any case of record in which conviction on a gun-possession charge was upheld despite the fact that the alleged gun was never located, seen or photographed.[3] Given the absence of such evidence, defendant's convictions rest solely upon two pieces of circumstantial evidence. The first was Plummer's testimony that defendant asked him if he knew "anybody who wanted to buy a gun. . . . A couple guns. . . . A shotgun and a .32." This witness, however, never saw a gun, did not know whether in fact defendant had one in his possession or control, and the police investigation did not provide further information or reveal the whereabouts of the guns allegedly offered for sale. Further, defendant was asking a question, not making an offer for sale. Defendant did not display the guns or state that he presently possessed the guns or even that he was the seller. This brief conversation was too vague to establish beyond a reasonable doubt that defendant possessed a firearm.

The second piece of evidence in support of the charges was the police officer's testimony that when he searched the trunk of defendant's vehicle he found what he termed a "gun case." The officer described the case only as a "small plastic box that a handgun could fit into," a description that would fit many plastic boxes that never held a weapon. The prosecution did not ask him to provide a more detailed description and neither the box nor a photo of it was offered into evidence or published at trial. Merely naming the box a "gun case" without introducing it into evidence or

---

[2] A challenge to the sufficiency of the evidence is reviewed de novo. *People v Cline*, 276 Mich App 634, 642; 741 NW2d 563 (2007). When reviewing a challenge to the sufficiency of the evidence, the reviewing court "must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *People v Hill*, 257 Mich App 126, 140-141; 667 NW2d 78 (2003). Because we agree with defendant that there was insufficient evidence to support his convictions, we need not address his alternative argument that his convictions were against the great weight of the evidence.

[3] We recognize, however, that if a defendant is found guilty of an assaultive crime that was perpetrated with a firearm the evidence relevant to the underlying charge would be sufficient to establish defendant's guilt as to the felony-firearm charge. However, in this case, defendant was acquitted of the underlying assaultive crime.

3

providing a reasonable description of it does not demonstrate that the empty plastic box in the trunk had been intended to hold a gun or that it had ever been used for such a purpose.

From the evidence one could conclude that defendant possibly or, at best, probably, possessed a firearm at some time or that he planned to obtain one. Certainly such evidence would be sufficient to establish probable cause to conduct a search for a firearm in a location over which defendant had control. However, it does not establish possession beyond a reasonable doubt and proofs that do not rise to that standard are by definition insufficient. See *People v Ericksen*, 288 Mich App 192, 196; 793 NW2d 120 (2010) ("Circumstantial evidence and the reasonable inferences it permits are sufficient to support a conviction, provided the prosecution meets its constitutionally based burden of proof beyond a reasonable doubt."). See also *People v Xun Wang*, 505 Mich 239, 251; 952 NW2d 334 (2020) ("[C]ircumstantial proof must facilitate reasonable inferences . . . , not mere speculation."). While the prosecution need not affirmatively disprove alternative inferences that could have been drawn, the proofs to support a necessary element of the offenses must be sufficient to satisfy the beyond-a-reasonable-doubt standard. Here, they did not.

We reverse and remand for dismissal of the charges. We do not retain jurisdiction.


/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

4